## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN L. CORRIGAN, SR.**, | Case No. 3:20-cv-566-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **EDWARD LEAVY, *et al.*,** | |
| Defendants. | |

**Michael H. Simon, District Judge.**

On April 6, 2020, John L. Corrigan, Sr., *pro se*,[1] filed this civil lawsuit against eight active or senior federal judges. In the order listed in Plaintiff's Complaint, the Defendants are: Senior Ninth Circuit Judge Edward Leavy, Senior Ninth Circuit Judge Mary M. Schroeder, Senior Ninth Circuit Judge Barry G. Silverman, Ninth Circuit Judge Johnnie B. Rawlinson, Ninth Circuit Judge William A. Fletcher, Senior U.S. District Judge Robert H. Whaley, Senior U.S. District Judge Edward F. Shea, and Chief U.S. District Judge Thomas O. Rice (collectively, the "Defendant Judges"). On April 10, 2020, the Court *sua sponte* issued an Order to Show Cause Why This Case Should Not Be Dismissed with Prejudice, imposing a deadline for

---

[1] Although *pro se*, Plaintiff paid his filing fee and is not proceeding *in forma pauperis*.

Plaintiff's response of May 11, 2020. ECF 3. On April 17, 2020, the Court ordered that the issuance of the proposed summonses presented with Plaintiff's Complaint be held in abeyance until after Plaintiff's response to the Order to Show Cause. ECF 6.

The primary question raised in the Court's Order to Show Cause is whether the doctrine of absolute judicial immunity bars this civil action for damages and related declaratory relief on the grounds that the lawsuit challenges only judicial activities performed by the Defendant Judges. *See Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam). The Court held in abeyance the issuance of summonses because judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11.

On May 10, 2020, Mr. Corrigan responded to the Order to Show Cause. ECF 13. In his response, Mr. Corrigan did not address whether the doctrine of absolute judicial immunity bars this civil action. Instead, Mr. Corrigan argues that the Court "improperly circumvented" Rule 4(b) of the Federal Rules of Civil Procedure "by holding in abeyance the summonses that Plaintiff submitted." *Id.* at 2. He adds that the order of abeyance "prevents this Court from exercising personal jurisdiction over the defendants." *Id*. Mr. Corrigan further states that while the issuance of summonses is held in abeyance, he cannot complete service and that service "marks the court's assertion of jurisdiction over the lawsuit." *Id*. Mr. Corrigan also asserts: "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Id.* For the reasons that follow, the Court *sua sponte* dismisses this case with prejudice based on the doctrine of absolute judicial immunity.

## BACKGROUND

Against the five Defendant Judges who are Judges of the U.S. Court of Appeals for the Ninth Circuit, Mr. Corrigan alleges that they unlawfully interfered, and are continuing to interfere, with his constitutional rights guaranteed under the First and Fifth Amendments to the

U.S. Constitution. Mr. Corrigan contends that in March 2010, Ninth Circuit Judges Schroeder and Leavy, along with the late Ninth Circuit Judge Harry Pregerson, entered a Pre-Filing Review Order (the "Order"), over Mr. Corrigan's objection. After the Court entered the Order, Mr. Corrigan filed a petition for writ of mandamus in the United States Supreme Court. The Supreme Court denied that petition on October 4, 2010. Mr. Corrigan further alleges that in 2017, he petitioned the Ninth Circuit to remove the filing bar, and in 2019 Ninth Circuit Judges Silverman, Fletcher, and Rawlinson denied Mr. Corrigan's request to remove that bar. Based on these allegations against Judges Leavy, Schroeder, Silverman, Rawlinson, and Fletcher, Mr. Corrigan seeks: (1) compensatory and punitive damages, under *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971); and (2) declaratory relief, under the Declaratory Judgment Act, 28 U.S.C. § 2201.

Against the three U.S. District Judges, Mr. Corrigan alleges that they unlawfully interfered, and are continuing to interfere, with his constitutional rights "relating to an unlawful filing bar and subsequent cover up of a Section 42 U.S.C. 1983 action . . . and unlawful Rule 11 sanctions." Mr. Corrigan asserts that in 2007, he filed a lawsuit, *Corrigan v. Dale*, Case No. 2:07-cv-227-RHW (E.D. Wa.) (the "*Dale* Lawsuit"), that was assigned to Judge Whaley. In the *Dale* Lawsuit, Judge Whaley granted the defendants' motion for summary judgment and imposed monetary sanctions against Mr. Corrigan. Mr. Corrigan challenges Judge Whaley's rulings in the *Dale* Lawsuit.

Mr. Corrigan also alleges that in 2008, he filed a lawsuit, *Corrigan v. Pflanz*, Case No. 2:08-cv-333-EFS (E.D. Wa.) (the "*Pflanz* Lawsuit"), that was initially assigned to Judge Whaley. According to Mr. Corrigan, Judge Whaley *sua sponte* transferred the *Pflanz* Lawsuit to Judge Shea. Mr. Corrigan contends that Judge Shea later dismissed the *Pflanz* Lawsuit, imposed

monetary sanctions against Mr. Corrigan, and placed a filing bar on Mr. Corrigan. Mr. Corrigan challenges the actions and rulings of Judge Whaley and Judge Shea in the *Pflanz* Lawsuit.

Mr. Corrigan further alleges that in 2019, he filed a lawsuit, *Corrigan v. Whaley, et al.*, Case No. 2:19-cv-132-TOR (E.D. Wa.) (the "*Whaley* Lawsuit"), in which he requested that the district court review the *Dale* Lawsuit as an "independent action" under Rule 60 of the Federal Rules of Civil Procedure. Mr. Corrigan contends that Chief Judge Rice dismissed the *Whaley* Lawsuit and denied Mr. Corrigan's motion for reconsideration. Mr. Corrigan further asserts that he appealed the adverse judgment in the *Whaley* Lawsuit to the Ninth Circuit, but the Ninth Circuit dismissed that appeal. Based on these allegations relating to the *Dale*, *Pflanz*, and *Whaley* Lawsuits, Mr. Corrigan seeks: (1) compensatory and punitive damages, under *Bivens*; and (2) declaratory relief. Mr. Corrigan also notes that he is suing all eight Defendant Judges in their individual capacities in his *Bivens* claims and in their official capacities in his claims for declaratory relief.

## STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). As the Supreme Court explained: "This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding." *Id*. at 326-27.

In addition, a district court may dismiss a case under Rule 12(b)(6) *sua sponte* (*i.e.,* on its own motion). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6).") (citing *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981)). "Of course, the district court must give notice of its *sua sponte* intention to dismiss and provide the plaintiff with 'an opportunity to at least submit a

written memorandum in opposition to such motion.'" *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (quoting *Wong*, 642 F.2d at 362).

Finally, a court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)).

## DISCUSSION

In *Bivens*, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)). A *Bivens* action is a limited, judicially created remedy for certain constitutional tort claims under color of federal law. *See Bivens*, 403 U.S. at 390, 397 (creating implied cause of action for unreasonable search and seizure under the Fourth Amendment). "Since *Bivens*, the Court has only expanded this 'implied cause of action' twice." *See Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (referencing *Davis v. Passman*, 442 U.S. 228, 248-49 (1979), which created a *Bivens* action for gender discrimination under the Fifth Amendment's due process clause), and *Carlson v. Green*, 446 U.S. 14, 19 (1980), which created a *Bivens* action for cruel and unusual punishment under the Eighth Amendment). As the Supreme Court made clear in *Ziglar v. Abbasi*, "expanding the *Bivens* remedy is now a 'disfavored' judicial activity," and "[t]hese three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the

Constitution itself." 137 S. Ct. 1843, 1855, 1857 (2017). Thus, Mr. Corrigan has no implied right of action under the facts he alleges here, even assuming the truth of his allegations.

More importantly, however, the Defendant Judges are all federal judges, and all claims asserted against them arise solely from judicial acts taken within the jurisdiction of their courts. Thus, they are all entitled to absolute judicial immunity. Anglo-American common law has long recognized a "sweeping form of immunity" for acts performed by judges that relate to the "judicial process." *Forrester v. White*, 484 U.S. 219, 225 (1988); *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976). This immunity insulates judges from charges of erroneous acts or irregular action, even if the action was allegedly driven by malicious or corrupt motives, *see Forrester*, 484 U.S. at 227-28, or "flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S.at 11. Thus, immunity discourages collateral attacks by civil suits and encourages using "appellate procedures as the standard system for correcting judicial error." *Forrester*, 484 U.S. at 225, 227 ("Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review."). As a result, immunity "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11.

Because a judge is generally immune from a civil action for damages related to his or her judicial activities, *Mireles*, 502 U.S. at 11; *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996), *superseded by statute on other grounds*, even if Mr. Corrigan could plead the requisite elements of a *Bivens* action, his claim for monetary relief still would not pierce judicial immunity. *See Mullis v. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1387-90 (9th Cir. 1987)

(dismissing *Bivens* claim as barred by absolute judicial immunity); *Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir. 1978) (finding absolute judicial immunity and affirming dismissal of § 1985 claim in a case in which a litigant collaterally attacked Connecticut Supreme Court Justices for declining a request to recuse); *see also Bradley v. Fisher*, 80 U.S. 335, 347 (1871) (holding that judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff"); *Williams v. Goldsmith*, 701 F.2d 603, 604 (7th Cir. 1983) (noting that a claim is frivolous when "[a]ll the defendants are absolutely immune from suit"). Judicial immunity also bars declaratory and injunctive relief sought as a result of judicial acts performed in a judicial capacity. *See Mullis*, 828 F.2d at 1394 ("The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief."); *Moore*, 96 F.3d at 1243-44 (same). For all these reasons, Plaintiff's Complaint lacks any arguable basis in law and may not proceed.

## CONCLUSION

In the Court's Order to Show Cause, the Court afforded Plaintiff the opportunity to show cause in writing why this lawsuit should not be dismissed with prejudice. The Court expressly advised Plaintiff that if he failed to do so, this action would be dismissed with prejudice *sua sponte* on or after May 12, 2020. Plaintiff has failed to show cause. This case is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED this 12th day of May, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge